**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10379 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-01243-SRB-6 |
| v. | |
| NADUNT CHIBEAST, AKA Donald Williams, AKA Ronald Williams, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted December 11, 2014
San Francisco, California

Before: O'SCANNLAIN, FISHER, and HURWITZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Nadunt Chibeast appeals his jury conviction of one count of Conspiracy to Possess with Intent to Distribute Marijuana and Cocaine and one count of Conspiracy to Launder Money Instruments.

## I

Chibeast argues that the government violated his constitutional rights by failing to disclose to him approximately one third of its discovery material until after his conviction. He also claims that his due process rights were violated by government policies that restricted his sleep and diet.

## A

The government delivered six boxes of discovery to Chibeast on February 7, 2013, and sent additional discovery on February 15, 2013. Though the trial began on March 19, 2013, Chibeast did not receive the February 15 discovery until after his conviction on April 4, 2013.

On June 19, 2013, Chibeast filed a "Notice of New Boxes of Discovery Unknown to Me." In the Notice, he stated that on June 12, 2013, he became aware of an additional three boxes of discovery which he had not been given the chance to review before trial. On June 26, 2013 and July 8, 2013, Chibeast made two additional filings related to the newly discovered materials. The district court did not rule on any of these filings.

Finally, on July 15, 2013, a week after he had been sentenced, Chibeast filed yet another notice, this time requesting a stay of execution of judgment. On August 27, 2013, the district court construed that notice as a motion and denied it due to the pendency of this appeal.

We agree that Chibeast's final notice should be construed as a motion. In the interest of justice, we remand the case to the district court to consider its merits in the first instance, construing it as a Federal Rule of Criminal Procedure 33 motion for a new trial based on newly discovered evidence.

B

Chibeast has failed to establish that the government's responses to his sleep and diet complaints "necessarily prevent[ed] a fair trial." *Lisenba v. California*, 314 U.S. 219, 236 (1941). Therefore, his due process claims premised on sleep and diet restrictions fail.

This panel retains jurisdiction over any further appeals.

**AFFIRMED IN PART AND REMANDED** for further proceedings in accordance with this disposition.

3

*United States v. Chibeast*, No. 13-10379

FISHER, Circuit Judge, concurring:

I agree that Chibeast's notice to the district court is properly construed as a motion for new trial. I also agree that remand is appropriate to afford the district court an opportunity to decide whether the government's alleged failure to timely disclose evidence to Chibeast warrants a new trial. I join fully in the court's memorandum disposition but write separately to address what I believe to be the standard the district court should apply in reviewing Chibeast's due process claim.

Were Chibeast asserting an ordinary new trial claim based on newly discovered evidence, he would be required to show that the newly discovered evidence demonstrates he "would probably be acquitted in a new trial." *United States v. Berry*, 624 F.3d 1031, 1042 (9th Cir. 2010).

Chibeast, however, appears to argue that the government's failure to provide him with a significant portion of the discovery violated his due process right to present a complete defense. ***See* Blue Br. at 20-21.** A defendant's claim that the government has prevented a defendant's access to potentially material evidence is governed by a more "relaxed standard." *United States v. Doe*, 705 F.3d 1134, 1153 (9th Cir. 2013); *see also United States v. Agurs*, 427 U.S. 97, 111 (1976). Although these two decisions involve claims invoking *Brady v. Maryland*, 373

1

U.S. 83 (1963), the underlying due process concern here is analogous.

"Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness." *California v. Trombetta*, 467 U.S. 479, 485 (1984). The Supreme Court has "long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense." *Id.* "To safeguard that right, the Court has developed 'what might loosely be called the area of constitutionally guaranteed access to evidence.'" *Id.* (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982)).

Because Chibeast plausibly invokes this due process right, the question on remand is not whether the newly discovered evidence shows Chibeast "would probably be acquitted in a new trial," *Berry*, 624 F.3d at 1042, but rather whether there is a "reasonable likelihood that the [missing evidence] could have affected the judgment of the trier of fact," *Valenzuela-Bernal*, 458 U.S. at 874; *cf. United States v. Bagley*, 473 U.S. 667, 682 (1985) (explaining that under the analogous *Brady* standard the question is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different").

It is, however, "impossible for us to evaluate [Chibeast]'s claim because we

2

do not know what the documents say." *Doe*, 705 F.3d at 1152. Therefore, I agree

that, as in *Doe*, remand is appropriate so the district court can consider in the first

instance whether the government violated Chibeast's right to due process by failing

to timely disclose nearly one-third of the discovery in his case. Under the due

process standard, a new trial would be warranted if the documents undermine the

district court's confidence in the outcome of the verdict, meaning that there is a

"reasonable probability of a different result." *Id.* at 1153 (internal quotation marks

omitted).